UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No.  21-cv-02293-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 20 |

Plaintiff Richard Ortiz asks for summary judgment to reverse the Acting Commissioner of the Social Security Administration's (Kilolo Kijakazi's) decision denying Ortiz's application for benefits under Title II of the Social Security Act.  Dkt. No. 20.  The parties agree that the Court should remand the matter, *see* Dkt. No. 25 at 2; Dkt. No. 26 at 2, and the Court has independently concluded the same.  The only question is whether the remand should be for an award of benefits to Ortiz, or for a re-evaluation of his application by the Commissioner.  Dkt. No. 26 at 2.

In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Dam v. Comm'r of Soc. Sec.*, Case No. 19-CV-2131-JD, 2020 WL 7342684, at *1 (N.D. Cal. Dec. 14, 2020); *Howard v. Saul*, Case No. 3:18-CV-2570-JD, 2019 WL 6311411, at *1 (N.D. Cal. Nov. 25, 2019).  The parties agree that such error is present here in the ALJ's determination that Ortiz engaged in substantial gainful activity.  *See* Dkt. No. 20 at 5; Dkt. No. 21 at 5.  Given that there are a number of factual disputes in this case, the Court is not prepared to find that this is a rare circumstance where further administrative proceedings "would serve no useful purpose."  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  If the ALJ finds that

Ortiz did not engage in substantial gainful activity, then the ALJ must go through the remaining steps in the evaluation process to determine whether Ortiz is entitled to benefits. *See Zavalin v. Colvin*, 778 F.3d 842, 844 (9th Cir. 2015). This case has already been remanded once before, Tr. 897-904, and should be evaluated carefully at each step going forward.

Consequently, summary judgment under Federal Rule of Civil Procedure 56 is granted in favor of Ortiz, and the case is remanded for further administrative proceedings under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated: September 6, 2022

JAMES DONATO
United States District Judge